IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HERCULES HUNTLEY,                )<br>                                                 )<br>       Plaintiff,                          )<br>                                                 )<br>v.                                             )    CIVIL ACTION NO. 1:10cv810-CSC<br>                                                 )                      (WO)<br>MICHAEL J. ASTRUE,            )<br>COMMISSIONER OF             )<br>SOCIAL SECURITY,              )<br>                                                 )<br>       Defendant.                      ) | |

**ORDER**

Now pending before the court is the plaintiff's motion for attorney's fees pursuant to the Equal Justice Act, 28 U.S.C. § 2412(d) filed on April 11, 2012. (Doc. # 17). The defendant does not oppose an award of fees. *See* Doc. # 19.

On May 5, 2008, the Eleventh Circuit Court of Appeals decided *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008) in which the Court unambiguously held that "attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney." *Id*. at 738. On June 14, 2010, the United States Supreme Court decided *Astrue v. Ratliff*, — S.Ct. —, 2010 WL 2346547 (2010) in which the Court unambiguously held that attorney's fees are awarded to the prevailing litigant, not to prevailing litigant's attorney. *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) ("attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney.").

Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED as follows:

1. That the motion for attorney's fees (doc. # 17) be and is hereby GRANTED to the extent that the plaintiff be and is hereby AWARDED fees in the amount of $3,770.24.

2. To the extent that plaintiff's counsel requests that fees should be awarded to directly to counsel, 28 U.S.C. § 2412(d)(1)(A) authorizes the court to award fees to the prevailing party. *See* 28 U.S.C. § (d)(2)(B). *See also Reeves, supra*. The motion that fees be paid directly to counsel be and is hereby DENIED.

Done this 26th day of April, 2012.

                /s/Charles S. Coody
                CHARLES S. COODY
                UNITED STATES MAGISTRATE JUDGE